JOHN FRANKMAN v. L. H. BOLDUC AND ANOTHER.[1]

January 10, 1930.

No. 27,583.

W. H. McDonald, for appellants.

Stinchfield, Mackall, Crounse & McNally and Perry Moore, for respondent.

[1]Reported in 228 N. W. 614.

WILSON, C. J.

Defendants appealed from an order denying their motion for a new trial. Plaintiff, claiming to have been a partner of defendants, sued for an accounting. The Honorable John C. Sweet was appointed referee under G. S. 1923 (2 Mason, 1927) § 9316, but for the purpose of determining the facts only. The referee reported. Thereafter the court found the facts and concluded that plaintiff was entitled to recover $1,425.41 and interest.

On April 27, 1925, the parties signed a partnership agreement which by its terms was to become effective May 1, 1925. On January 9, 1926, the parties signed a formal contract of dissolution of the partnership.

Defendants claim that the partnership contract was executory only and that the partnership was never actually "launched." They invoke the doctrine of Dow v. State Bank of Sleepy Eye, 88 Minn. 355, 93 N. W. 121. It is conceded that the parties were partners as to one project in Chicago. The dissolution contract contains recitals that strongly refute defendants' contentions. A receipt given by defendants to plaintiff recites that he was a member of the firm. They seek to limit this to the Chicago project. There is evidence that he drew money, supposedly profits, on other projects. It is sufficient to say that the evidence is such that the trier of fact could have found either way. The report of the referee has the effect of a special verdict, G. S. 1923 (2 Mason, 1927) § 9319. The evidence sustains the findings made by the court as well as those made by the referee. The result is that other assignments become unimportant.

Affirmed.